### BENJAMIN E. HART v. WILLIAM H. BAXTER.

*Injunction—Affidavit in support of answer—Privileged averments—Charge of fraud.*

Statements in an affidavit made in support of an answer to be used in opposition to an application for an injunction are privileged, provided they are not irrelevant and impertinent.

When therefore a bill was filed by a mortgagor to reform the mortgage, and the bill charged an agent of the mortgagee with fraud in connection with the drafting of the mortgage, and the agent made his affidavit in support of the answer, and averred therein that the charge of fraud was willfully and maliciously false, *held*, that an action counting on these words as a libel would not lie.

The affidavit of one defendant may properly be used in support of the answer of another, in resisting an application for an injunction.

Error to Ingham.   Submitted Oct. 19.   Decided Oct. 26.

CASE for libel.   Plaintiff brings error.   Affirmed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*S. S. Olds* and *H. P. Henderson* for defendant in error. A witness is not liable for slander though his testimony is irrelevant or he is influenced by malice: *Clark v. Molyneux* 3 Q. B. Div. 237; *Calkins v. Sumner* 13 Wis. 193; *Allen v. Crofoot* 2 Wend. 515; *Revis v. Smith* 36 Eng. L. & Eq.

268; Townshend on Slander § 224; statements made by parties in the course of judicial proceedings, however defamatory, are not libelous if reasonably necessary to his case: *Lea v. White* 4 Sneed 111; *Vausse v. Lee* 1 Hill (S. C.) 197; *Hoar v. Wood* 3 Met. 193; and there is much discretion in determining what is pertinent: Cooley on Torts 213; pleadings are privileged, if material: id. 214; 1 Hilliard on Torts 319 §§ 3, 4; 4 Wait's Actions 305; 5 id. 754 § 2; 7 id. 437; Moak's Underhill on Torts 95, 152; *Marsh v. Ellsworth* 50 N. Y. 311; and malice cannot be predicated of such averments: *Warner v. Paine* 2 Sandf. 195; statements in an affidavit filed in a cause belong to it and are privileged: *Seaman v. Weathercraft* 34 L. T. (N. S.) 878; Folkard's Starkie on Slander 260; Addison on Torts 780; Week's Damnum Absque Injuria 78, § 61; *Dunham v. Powers* 42 Vt. 1; *Garr v. Selden* 4 Comst. 91; Bigelow on Torts 54; an injunction may be opposed on affidavits where the bill is supported by the affidavits of third persons and notice is given of the application: *Besemeres v. Besemeres* 23 Eng. L. & Eq. 349; Kerr on Inj. (ed. 1871) 617; *Magnay v. Mines Royal Co.* 3 Dr. 130; *Gagliardo v. Crippen* 22 Cal. 362; affidavits of third persons may be used to oppose a motion for an injunction, or in support of a motion to dissolve it: High on Inj. (ed. 1873) § 991; *Gibson v. Gibson* 46 Wis. 462; *Coolot v. Cent. Pacific R. R. Co.* 52 Cal. 65; *Seneca Falls v. Matthews* 9 Paige 504; *Kean v. Colt* 1 Halst. Ch. 365; *Smith v. Appleton* 19 Wis. 468; *Haight v. Case* 4 Paige 525; 2 Barb. Ch. Pr. § 598; 2 Dan. Ch. Pr. 1676; *Brown v. Haff* 5 Paige 235.

COOLEY, J. This is an action on the case for an alleged libel. It appears that Hart and others had borrowed money of one Hatch, residing in Vermont, and had given to him a real estate mortgage to secure the repayment. Baxter acted for Hatch in the negotiation, and drew the mortgage. A clause was contained in the mortgage which required the mortgagors to keep the buildings on the premises insured for the protection of the mortgagee, and permitted the mortgagee, in case of failure, to procure insurance and pro-

ceed upon the mortgage for the collection of the premiums paid. Default having occurred, the mortgagee procured insurance, and then commenced foreclosure by advertisement for the sums paid to obtain it. The mortgagors then filed their bill against Hatch and Baxter to enjoin the foreclosure, and to reform the conveyance, alleging that it was never agreed that they should keep the buildings insured, but on the contrary it was understood by all parties that the lands, if all buildings were burned, would be ample security for the sum loaned, and that the insurance clause was in the mortgage through the fraud of Baxter and the inadvertence of the mortgagors in overlooking it. This bill was sworn to by Hart. Hatch filed his answer denying on information and belief all the allegations upon which complainants relied for relief. Attached to this answer was an affidavit by Baxter which denied in detail the equity of the bill; averred that the insurance clause in the mortgage was distinctly agreed upon, and that Hart's statements in the bill of complaint in this particular " are wilfully and maliciously false, without the least shadow of truth whatever." The object in attaching this affidavit to the answer of Hatch appears to have been to oppose an application for a preliminary injunction, and it was made use of on such an application the day succeeding the filing.

The alleged libel consists in the charge above quoted from Baxter's affidavit. On the trial the circuit judge held that the statements in the affidavit were privileged; and directed a verdict for the defendant. It is contended in this court that the affidavit performed no office in the case, and for that reason was not entitled to privilege. But this is plainly erroneous. For the purpose of meeting an application for an injunction it was proper to make use of affidavits; and the practice which was adopted in this case is not uncommon.

It is further contended that the charge of falsehood contained in the affidavit is libelous even in a privileged paper, because it was unnecessary in the case, and must be treated for that reason as would be any irrelevant or impertinent

matter. But what was said was certainly not irrelevant; it concerned the very substance of the controversy between the parties. Hart under oath charged Baxter with fraud, and Baxter met the charge by asserting that Hart's charge was false. Whatever form of words he made use of, it was necessary to make this assertion, at least in substance. Undoubtedly Baxter made use of epithets which were needless and added no force to his statements, but he said nothing that was irrelevant; and the privilege was not lost by the excess. *Marsh v. Ellsworth* 50 N. Y. 311; *Dunham v. Powers* 42 Vt. 1; *Hoar v. Wood* 3 Metc. 193. The limit to the privilege is accurately stated in the case last cited, that what is said must have "relation to the cause or subject-matter of the inquiry," p. 197. If it does, the publication is absolutely privileged, even though the defendant may have indulged improper motives. *Lea v. White* 4 Sneed 111, 114. We refer for a clear statement of the general rule to *McLaughlin v. Cowley* 127 Mass. 316.

The judgment must be affirmed with costs.

The other Justices concurred.