JOHN WACHSMUTH v. THE MERCHANTS' NATIONAL BANK AND HERMAN O. LANGE.

*False imprisonment—Justification—Order to hold to bail—Jurisdiction—Corporations—Liability for tort—Authority of bank cashier.*

1. A resolution offered to the common council of a city by a member of the council, reciting the affirmance by the Supreme

Court of the State of a decree against the principal surety on the bond of a bank as depository of the money of the city, and that the decree will in all probability compel the surety to pay at least $125,000, and that for this reason the council does not deem it entirely safe to leave the money on deposit in said bank without additional security, and directing the withdrawal of the money, and its deposit in the other city banks, until such additional security is given, is, as a matter of law, absolutely privileged.

2. Where the affidavit upon which a circuit court commissioner indorses an order to hold to bail in a libel suit shows, upon its face, that the alleged libelous publication was, as a matter of law, absolutely privileged, the order is void, and affords no protection to the parties instituting the proceeding, procuring the order, and delivering the process to the sheriff for service.[1]

3. A cashier of a bank will be presumed, *prima facie*, to have had authority to direct the commencement of a suit for libel, where, in the affidavit upon which the order to hold to bail is made, he avers his official character and authority to make the affidavit for and on behalf of the plaintiff bank, and the regular attorneys for the bank act as attorneys for the plaintiff, and are employed and paid by the bank, one of whom is a director therein, and the bank applies for a *mandamus* to compel the circuit court to set aside an order quashing the *capias*, and pays the expenses of that proceeding.

4. In order to authorize a bank to show the want of authority of its cashier to institute a libel suit by *capias* in its name, in a suit brought by the defendant for false imprisonment, such alleged want of authority should be specially pleaded.

5. A corporation may be liable in tort, even though a malicious intent is necessary to be proven, the motive of its agent being imputable to the corporation.

Error to Muskegon. (Dickerman, J.) Argued June 13, 1893. Decided July 25, 1893.

Case. Defendants bring error. Affirmed. The facts are stated in the opinion.

*F. W. Cook* and *Sessions & Bassett,* for appellants, contended:

---

[1] See *Johnson v. Morton,* 94 Mich. 1, for a discussion of this question.

1. The order to hold to bail protects the defendants; citing *Gordon v. Farrar*, 2 Doug. 411; *Ward v. Cozzens*, 3 Mich. 260; *Wall v. Trumbull*, 16 Id. 236; *West v. Smallwood*, 3 Mees. & W. 418; *Miller v. Adams*, 52 N. Y. 409; *Rutherford v. Holmes*, 66 Id. 370; *Fischer v. Langbein*, 103 Id. 84; *Tompkins v. Sands*, 8 Wend. 468; *Easton v. Calendar*, 11 Id. 90.

*DeLong & O'Hara*, for plaintiff.

McGRATH, J.   This is an appeal from a judgment for plaintiff in an action for false imprisonment.

Plaintiff, on October 20, 1891, was a member of the common council of the city of Muskegon.   The Merchants' National Bank was the financial depository of said city. John Torrent was president of said bank, and defendant Lange was cashier.   On that date, plaintiff, as alderman, presented to the common council of the city, at a session thereof, the following preamble and resolution:

"*Whereas,* by a late decision of the Supreme Court of this State, a decree of the circuit court for the county of Muskegon, in chancery, was affirmed against John Torrent, and which decree will in all probability compel the said Torrent to pay at least $125,000; and *whereas,* the said Torrent is the principal surety of the Merchants' National Bank on its bond as depository of the moneys of the city of Muskegon; and *whereas,* this council does not deem it entirely safe to leave the city's money on deposit in said bank without additional security to be approved by this council:

"*Therefore, be it resolved* by the common council of the city of Muskegon that, for the security of said city, an order be drawn on the city treasurer in favor of Leonard Eyke, the city treasurer, for the sum of $184,000, and that the money so received by said Leonard Eyke as the proceeds of said order be deposited in the other four banks of the city in equal proportions, and there kept until such additional security to the satisfaction of this council be given by the said Merchants' National Bank.

"JOHN WACHSMUTH."

A motion to refer the resolution was lost by a vote of three to nine.   A motion to adopt was lost by a vote of five to seven.   On October 26, 1891, the Merchants'

National Bank commenced an action on the case for libel by *capias*, which was issued upon the affidavit of the defendant Lange.    An order to hold to bail in the sum of $2,000 was indorsed by a circuit court commissioner, and plaintiff was arrested, committed to jail, and afterwards gave bail.

It is contended that the order to hold to bail protects the defendants.    The officer indorsing the order was one of special and limited jurisdiction.    The affidavit disclosed that the resolution was offered by plaintiff as a member of the common council to that body, and related to a matter in the line of plaintiff's duty as a public officer.    In other words, the affidavit, upon its face, showed that the resolution charged as libelous was, as a matter of law, absolutely privileged.    So far from setting forth any facts and circumstances tending to show grounds for granting the order, the affidavit expressly negatived any liability whatever to the plaintiff.    The defect was therefore jurisdictional, and the order was absolutely void, and affords no protection to the parties instituting the proceedings, procuring the order, and delivering the process to the sheriff for execution.    An arrest and imprisonment in a civil case upon void process is as one without process, and cannot be justified.    Good faith, honest belief, and the advice of counsel may be shown to rebut the presumption of malice, and to avoid punitive damages, but not to justify an arrest and imprisonment under an absolutely void process. *Johnson v. Maxon*, 23 Mich. 129; *Johnson v. Morton*, 94 Id. 1; 7 Amer. & Eng. Enc. Law, 679, 681 (note 1), 19 Id. 516; *Vredenburgh v. Hendricks*, 17 Barb. 179; *Fischer v. Langbein*, 103 N. Y. 84; *Miller v. Adams*, 52 Id. 409; *Bonesteel v. Bonesteel*, 28 Wis. 245; *Fenelon v. Butts*, 53 Id. 344.

It is urged that malice cannot be charged against a corporation unless it is shown that the act done was ordered

by the board of directors.   The suit was instituted in the name of the corporation.   Its cashier made the affidavit, in which he alleged that—

"He is cashier and agent of the Merchants' National Bank of Muskegon, Michigan, the plaintiff named in the annexed writ of *capias ad respondendum*, and is duly authorized to and makes this affidavit for and in behalf of said plaintiff."

The attorneys for the plaintiff were the regular attorneys of the bank, were employed and paid by the bank, and one of the attorneys was at the time a director in said bank.   A motion was made by defendant to quash the *capias*, which was granted.   Application was then made to this Court by the bank for a *mandamus* directing the circuit court to set aside the order quashing the writ.   The expenses of that proceeding were shown to have been paid by the bank.   The cashier must be presumed, *prima facie*, to have had authority to direct the commencement of the suit.   *Frost v. Machine Co.*, 133 Mass. 565, where it was held that the general manager or agent of a corporation must be presumed to have had authority to direct the issue of a writ of replevin, for the improper service of which the corporation was sued.   The ratification of an unauthorized act of an officer of a corporation may be presumed from acts of recognition and acquiescence. Beach, Priv. Corp. § 196.   Again, defendants' plea sets forth that the alleged acts, if committed at all, were committed by the "said defendant Herman O. Lange, acting as the cashier and agent of the Merchants' National Bank."   In order to avail themselves, in any event, of want of authority, the fact should have been pleaded.   Beach, Priv. Corp. § 863.

It is now well settled that a corporation may be liable in tort, even though a malicious intent is necessary to be proven.   The malice of the agent is imputable to the corporation. Cooley, Torts, (2d ed.) p. 136; 7 Amer. & Eng. Enc.

Law, 684; Beach, Priv. Corp. §§ 428, 445, 447, 453, 455. As is said by Mr. Beach (section 455):

"The doctrine that an action will not lie against a corporation for a tort is exploded. The same rule applies to corporations as to individuals. They are equally responsible for injuries done in the course of their business by their servants. This is said to be so well settled as not to require the citation of authorities."

See, also, *Bacon v. Railroad Co.*, 55 Mich. 224, 228; *Goodspeed v. Bank*, 22 Conn. 530; *Carter v. Machine Co.*, 51 Md. 290; *Reed v. Bank*, 130 Mass. 443; *Vinas v. Insurance Co.*, 27 La. Ann. 367; *Railroad Co. v. Jackson*, 81 Ind. 19; *Quigley v. Railroad Co.*, 11 Nev. 350; *Miller v. Railroad Co.*, 8 Neb. 219; *Williams v. Insurance Co.*, 57 Miss. 759; *Railroad Co. v. Schuyler*, 34 N. Y. 30.

In *Goodspeed v. Bank* the court say:

"But, after all, the objection to the remedy of this plaintiff against the bank in its corporate capacity is not so much that, as a corporation, it cannot be made responsible for torts committed by its directors, as that it cannot be subjected to that species of tort which essentially consists in motive and intention. The claim is that, as a corporation is ideal only, it cannot act from malice, and therefore cannot commence and prosecute a malicious or vexatious suit. This syllogism or reasoning might have been very satisfactory to the schoolmen of former days; more so, we think, than to the jurist, who seeks to discover a reasonable and appropriate remedy for every wrong. To say that a corporation cannot have motives, and act from motives, is to deny the evidence of our senses, when we see them thus acting, and effecting thereby results of the greatest importance every day. And, if they can have any motive, they can have a bad one; they can intend to do evil as well as to do good. If the act done is a corporate one, so must the motive and intention be. In the present case, to say that the 'vexatious suit,' as it is called, was instituted, prosecuted, and subsequently sanctioned by the bank, in the usual modes of its action, and still to claim that, although the acts were those of the bank, the intention was only that of the individual directors, is a

distinction too refined, we think, for practical application."

The judgment is affirmed.

HOOKER, C. J., LONG and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.