### TREBILCOCK *v.* ANDERSON.

1. LIBEL—MAYOR'S VETO MESSAGE—PRIVILEGE.
   A communication from the mayor of a city to the common council, advising them of his grounds for vetoing a resolution passed by them, is, so far at least as the matter therein contained is pertinent to the subject, absolutely privileged.

2. SAME—PERTINENCY—QUESTION OF LAW.
   The question whether such a message contains matter not pertinent is one of law for the court.

3. SAME.
   The mayor of a city, in communicating to the common council his reasons for vetoing a resolution allowing to a "taxpayers' association" the use of the council rooms, has a right to state any matters bearing upon the previous relations of the individuals comprising the association to the city, and their alleged unfitness to influence public affairs.

Error to Gogebic; Haire, J. Submitted January 4, 1898. Decided May 17, 1898.

Case by William Trebilcock against Andrew E. Anderson for libel. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Charles E. Miller*, for appellant.

*John D. Barry* (*T. E. Tarsney*, of counsel), for appellee

HOOKER, J. In December, 1894, the defendant was mayor of the city of Ironwood, and the plaintiff had been his predecessor for three years, ending in the spring of 1894. Previous to December, 1894, there was organized in that city an association called the "Taxpayers' Association." A short time before December 4, 1894, this organization presented to the common council of the city a request for the privilege of holding its meetings in the common council chambers, and a resolution granting it was adopted by unanimous vote of the aldermen. Within 24 hours, the defendant filed a written message, addressed to the common council, announcing the veto of the resolution authorizing the use of the council rooms, and giving what purported to be reasons therefor. This message afterwards appeared in the official organ ( *i. e.,* newspaper ) of the city. Thereupon this action for libel was brought.

In opening the case, counsel for the plaintiff said, after stating the foregoing facts, that—

"We expect to show that the publication of this paper by the defendant in this case was malicious, and intended to injure the plaintiff, and that the plaintiff has suffered damage thereby. The alleged libel, known as the 'veto message,' I hold in my hand, and ask to have treated as a part of this opening. We do not expect in this case to prove any other publication than the writing by the mayor of the so-called 'veto message,' the presenting it to the city clerk, its publication by being read by the city clerk in the common council, and its subsequent publication by being published in the official paper of the city. We expect to show no other publication by the defendant."

An objection was made to the introduction of any testimony, upon the ground that the writing was "absolutely privileged." The learned circuit judge sustained the objection, and directed a verdict for the defendant.

There are two views that may be taken of this writing, and the circumstances under which it was published, *i. e.,* filed: *First,* that it was conditionally privileged; *second,* that it was absolutely privileged. If it was only

conditionally privileged, the question of malice should have been submitted to the jury upon the testimony offered; but we must consider it as absolutely privileged, under the decision in the case of *Wachsmuth* v. *Merchants' Nat. Bank,* 96 Mich. 427 (21 L. R. A. 278), unless there is that in the message itself which was not a proper subject for communication to the council, by reason of its not being pertinent to the subject. Whether the law justifies even this limitation upon the absoluteness of the privilege, we will not inquire, and design to imply no opinion, but will treat the existence of such a limitation as conceded, for the purpose of the case. Whether or not the message contains anything in its nature libelous, that was not pertinent, was a question for the court, inasmuch as it and the proceedings of the council were in writing.

The plaintiff, with others, had organized what they called a "Taxpayers' Association," apparently with a view to influencing the management of public affairs which were confided to the council. To further that end, they asked the use of public property. It was the duty of the mayor to veto the resolution if, in his opinion, the interests of the city required it; and it was proper for him to advise the council of his reasons therefor in his veto message, as required by the charter. In this, he was warranted in stating any reasons legitimately bearing upon the relation of the plaintiff to city affairs, and the fitness of the association to influence them; and, if his privilege depends upon the question of pertinency, reasonable latitude should be permitted. Our examination of the article leads us to the conclusion that the entire message was pertinent to the subject, and that the same was privileged. The judgment is therefore affirmed.

The other Justices concurred.