### WELLS *v.* TOOGOOD.

1. EVIDENCE—LIBEL AND SLANDER—PRIVILEGE.
   Statements made to a deputy sheriff in the nature of information relating to the alleged commission of a crime are privileged and incompetent in an action for slander.

2. SAME.
   Only the general reputation of a plaintiff, not specific acts, may be shown to mitigate damages for slanderous words.

3. SAME—REPLEVIN, WRIT OF—PRIVILEGE.
   A copy of a writ of replevin is not admissible to corroborate an alleged slander, without foundation properly laid, and such writ is privileged.

Error to Kent; Perkins, J.   Submitted April 13, 1911. (Docket No. 137.)   Decided May 8, 1911.

Case by Magdaline Wells against Emery Toogood for slander. Judgment for plaintiff. Defendant brings error. Reversed.

*John W. Powers*, for appellant.

*William F. McKnight* and *E. M. Cook*, for appellee.

Stone, J. This is an action on the case for an alleged slander, claimed to have been uttered by defendant in the presence of divers persons. There are two counts in the declaration. The first count charges that the slanderous words were uttered on September 28, 1909, and charged the plaintiff with the larceny of certain bedding and knives and forks. The second count charges that the slanderous words were uttered by the defendant on April 7, 1910, and charged the plaintiff with having stolen from $175 to $200 worth of Haviland china, a blanket, and certain silver knives and forks, and a quantity of bedding and other articles.

Upon the trial of the case, the plaintiff offered as a witness one Gilbert Flanders, a deputy sheriff, who testified that he held that position in April, 1910, and that he remembered the occasion when the defendant came to the sheriff's office. He was asked the following question by plaintiff's counsel:

"*Q.* On the first occasion when he came in, did he state to you that he had some goods stolen?
"*Defendant's Counsel:* Just a moment. I object to any conversation between Mr. Toogood and this witness at that time, as privileged; he is a deputy sheriff."

The objection was overruled and defendant's counsel excepted.

The witness was then permitted to testify that he was present at defendant's first visit to the office; that Mr. Pettis, the undersheriff, was there; that in the afternoon Mr. Pettis sent the witness out to defendant's house, on report of a robbery; that defendant took witness through the house, and gave the witness a list of the articles which he

said had been taken. Witness asked defendant whom he suspected, and he said he believed the plaintiff, and another person. Defendant gave witness a list of the articles that he claimed had been stolen. Defendant said that the goods had been taken during his wife's sickness, and, after her death, during his sickness. The witness read the list which defendant gave him.

A writ of replevin was sued out by the defendant, for the articles, against the plaintiff and her husband, on the 7th day of April, 1910, and the plaintiff was permitted, against the objection and exception of defendant's counsel that the same was incompetent and immaterial, to offer in evidence a copy of the affidavit and writ of replevin.

In his defense the defendant offered as a witness one Gertie Bowman, and he sought to show by this witness certain questionable conduct of the plaintiff with a young man upon the street, as bearing upon the character of the plaintiff. This was objected to as immaterial and irrelevant, and the objection was sustained, and defendant's counsel excepted.

The plaintiff recovered a verdict and judgment, and the defendant has brought the case here on writ of error.

There are three assignments of error:

(1) That the court erred in admitting the testimony of the deputy sheriff, under objection, relative to the larceny of household goods from his residence; the same being a privileged communication.

(2) The court erred in refusing to admit the testimony of Gertie Bowman, relating to certain claimed facts bearing upon the character and reputation of plaintiff.

(3) The court erred in admitting in evidence a copy of a writ of replevin, under objection that the same was incompetent and immaterial.

We shall consider the assignments of error in the order above stated.

1. We are of the opinion that the trial court erred in admitting the testimony of the deputy sheriff as to statements made to that officer by the defendant, as they were privileged communications within the rule frequently

stated by this court. *Hart* v. *Baxter*, 47 Mich. 198 (10 N. W. 198); *Moore* v. *Thompson*, 92 Mich. 498 (52 N. W. 1000); *Garn* v. *Lockard*, 108 Mich. 196 (65 N. W. 764); *Graham* v. *Cass Circuit Judge*, 108 Mich. 425 (66 N. W. 348); *Shinglemeyer* v. *Wright*, 124 Mich. 230 (82 N. W. 887, 50 L. R. A. 129); *People* v. *Pratt*, 133 Mich. 125 (94 N. W. 752, 67 L. R. A. 923); *Flynn* v. *Boglarsky*, 164 Mich. 513 (129 N. W. 674); *Schultz* v. *Strauss*, 127 Wis. 325 (106 N. W. 1066); 25 Cyc. pp. 375–384.

2. Did the court err in sustaining the objection to the specific facts sought to be proved by defendant, bearing upon the character and reputation of the plaintiff? We think not. The case of *Hitchcock* v. *Moore*, 70 Mich. 112 (37 N. W. 914, 14 Am. St. Rep. 474), does not sustain the contention of the defendant.

It is the settled doctrine in this State, that the general reputation only of the plaintiff, and not specific acts, can be shown in libel and slander. *Proctor* v. *Houghtaling*, 37 Mich. 41–44; *Bathrick* v. *Tribune Co.*, 50 Mich. 629 (16 N. W. 172, 45 Am. Rep. 63); *Thibault* v. *Sessions*, 101 Mich. 279, 290 (59 N. W. 624); *Georgia* v. *Bond*, 114 Mich. 196 (72 N. W. 232).

3. We are of opinion that the court erred in receiving in evidence the copy of the writ of replevin against the objection that it was incompetent and immaterial. No proper foundation was laid for receiving in evidence the copy of this paper. We think that it was a privileged matter, also, although the objection was not specifically directed to that point.

For the errors pointed out, the judgment of the circuit court is reversed, and a new trial granted.

OSTRANDER, C. J., and BIRD, HOOKER, and BLAIR, JJ., concurred.