## POWERS v. VAUGHAN.

1. LIBEL AND SLANDER—STATEMENT AT VARIANCE WITH COURT RECORDS—EVIDENCE.

On plaintiff's appeal from judgment for defendants notwithstanding nominal verdict for plaintiff in action of libel wherein plaintiff who had sought an application from the common council for license as masseur was reported to have been accused of violating the medical practice act but that the criminal prosecution was nolle prossed because of inability to find complaining witness, complaint that such recital was not an accurate statement *held,* not libelous, where, although slightly at variance with court records, undisputed testimony does show that at an adjourned date for hearing in such prosecution, the witness could not be found and the case was dismissed (2 Comp. Laws 1929, § 6737 *et seq.*).

2. APPEAL AND ERROR—TRIAL—LIBEL AND SLANDER—QUESTIONS REVIEWABLE.

Alleged errors occurring during course of trial of action for libel are not considered on appeal where it is decided that alleged libelous matter was absolutely privileged and that even if only under a qualified privilege there was good faith on the part of defendants in making the statements.

3. LIBEL AND SLANDER—PRIVILEGED COMMUNICATION—OFFICIAL FILES.

In action by person who had been unsuccessful in obtaining license to practice as masseur for alleged libelous statements made, by defendant member of board of health and supervising nurse in department of health in communication to common council in response to its request for recommendations when applicant sought to overrule health department's action in rejecting application for license, communication *held,* absolutely privileged where it merely attempted to submit contents of official file pertaining to plaintiff and the objectionable statements were pertinent to matter under official consideration.

Conditional character of privilege attached to communication to and between public officials, see 3 Restatement, Torts, § 598, and comments a–d; truth of publication as a question for the jury, subject to the control of the court, see 3 Restatement, Torts, § 617.

4. SAME—OFFICIAL COMMUNICATIONS—PERTINENCY OF STATEMENTS A QUESTION OF LAW.

Whether or not statements in an official report, which are alleged to be libelous, are pertinent to the matter under official consideration is a question of law for the court.

5. SAME—PRIVILEGE—OFFICIAL COMMUNICATIONS—HEALTH DEPARTMENT—COMMON COUNCIL.

City health department officials who were requested by common council to make recommendations as to action to be taken in connection with plaintiff's attempt to have department's action in rejecting plaintiff's application for license as masseur overruled were not required to consult court records in the prosecutions of plaintiff for violations of the medical practice act before reporting relevant contents of department's files to council in order to entitle the report to be a privileged communication. (2 Comp. Laws 1929, § 6737 *et seq.*).

6. SAME—PRIVILEGE—TRUTH—GOOD MOTIVES.

The truth is privileged when published from good motives and for justifiable ends.

7. SAME—PRIVILEGE—UNTRUTH—OFFICIAL DUTY—GOOD FAITH.

That which is not true, but which is honestly believed to be true, and published in good faith by one in the performance of a public or official duty, in certain cases, is privileged.

8. SAME—ABSOLUTE PRIVILEGE—GOOD FAITH.

If the privilege in uttering slanderous words is absolute the questions of good faith and absence of malice are immaterial.

9. SAME—PRIVILEGE—QUESTION FOR COURT.

Where the occasion and attending circumstances are not in dispute the question of privilege in uttering slanderous words is for the court.

10. SAME—ABSOLUTE PRIVILEGE—DIRECTED VERDICT.

Where a privilege in uttering slanderous words is found by the court to be absolute a verdict should be directed for the defendant.

11. SAME—QUALIFIED PRIVILEGE—GOOD FAITH.

Where a privilege is qualified, the communication is not actionable if made in good faith.

12. SAME—PRESUMPTION OF GOOD FAITH—EVIDENCE.

To overcome the presumption of good faith on the part of one acting in an official capacity when making an allegedly libel-

ous statement, the circumstances must be such as to show defendant was actuated by a bad motive, which led him to take advantage of the occasion to injure the plaintiff.

13. SAME—MALICE NOT INFERRED FROM ACTS CONSISTENT WITH GOOD FAITH.

Dishonesty of purpose may not be lightly inferred from acts which are just as consistent with good faith as with bad faith.

14. SAME—PRESUMPTION OF GOOD FAITH NOT OVERCOME BY FACTS CONSISTENT WITH ITS EXISTENCE.

Where the circumstances relied on as showing malice are as consistent with its nonexistence as with its existence, the presumption of good faith has not been overcome, and there is nothing for the jury.

15. JUDGMENT—SETTING ASIDE FOR INADVERTENT ENTRY—ENTRY OF JUDGMENT NOTWITHSTANDING VERDICT.

Where both before and at the close of proofs in action for libel defendants moved for a directed verdict but court reserved decision, right to be heard on motion for judgment notwithstanding verdict was not waived by fact that they asked for a stay of proceedings nor barred by reason of judgment having been entered on the verdict, hence such judgment was properly set aside where inadvertently and prematurely entered.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 8, 1945. (Docket No. 61, Calendar No. 42,760.) Decided October 8, 1945.

Case by Edward P. Powers against Dr. Henry F. Vaughan and another for damages caused by libel. Verdict for plaintiff. Judgment for defendants *non obstante veredicto.* Plaintiff appeals. Affirmed.

*John W. L. Hicks,* for plaintiff.

*William E. Dowling,* Corporation Counsel, *James R. Walsh* and *Ralph Jossman,* Assistants Corporation Counsel, for defendants.

NORTH, J. This is a libel suit. Plaintiff for more than 15 years prior to 1938 practiced as a masseur

in Detroit. The defendant, Doctor Henry Vaughan, for many years and at the time of the alleged libel was a member of the board of health of the city of Detroit; and defendant Eleanor McGarvah at the time of the alleged libel was a supervising nurse in the Detroit department of health and an assistant to Major Roehl who was also connected with that department. On trial before a jury in the circuit court plaintiff had a verdict and damages in the amount of 12 cents. After verdict, on defendants' motion for judgment *non obstante veredicto,* a judgment of no cause of action was entered. Plaintiff has appealed and asks that a new trial be ordered.

In 1938, an ordinance became effective in Detroit which required that those who desired to practice as masseurs should take and pass an examination as a prerequisite to being licensed to practice. This examination was under the supervision of the city department of health of which defendant Doctor Vaughan was the head. In 1939, plaintiff took the examination, but failed to pass. Thereupon he filed a petition with the Detroit ·common council to be granted a license, notwithstanding he had failed to pass the examination. This petition was referred by the common council to the department of health, and an answer to the petition was filed with the common council by that department. Defendant Eleanor McGarvah had taken part in conducting the examination which plaintiff failed to pass. She, apparently at Doctor Vaughan's request, prepared the answer to plaintiff's petition and submitted it to Doctor Vaughan. He signed the answer and it was filed with the common council. This answer contained the following:

"Replying to the tenth paragraph, this department submits a report of the violations of the medi-

cal practice act: * Case No. 1, 1–25–20, the petitioner through the press offered to cure any one suffering from influenza. He was prosecuted for violating the medical practice act. His case was dismissed 2–25–20 as he promised not to practice medicine any more. Case No. 2, 11–3–22, William Tease, 4142 Grand River avenue, signed a complaint charging Mr. Power with practicing medicine without a license. Mr. Power was bound over for trial 12–18–22 and after five adjournments his case was nolle prossed, as the complaining witness could not be found.''

The alleged libel in the instant case is based upon the foregoing portion of the answer to plaintiff's petition filed with the common council. Court records introduced in evidence in the instant case of the two prosecutions of defendant referred to in the above quotation establish in every material respect the truth of this portion of the quoted answer except in two particulars. The court records do not disclose (and plaintiff denies) that incident to the first prosecution plaintiff herein ''through the press offered *to cure* anyone suffering from influenza'' or that the prosecution against him was dismissed ''as he promised not to practice medicine any more.'' But in determining whether either or both of these statements constituted libel in consequence of which plaintiff can recover, it must be borne in mind that on the face of the answer it appears defendants herein merely said: ''Replying to the tenth paragraph, this department submits *a report* of the violations of the medical practice act, et cetera;'' and that it was true there was a report literally in accord with the context of defendants' answer in the file of the health department; and further that this

* See 2 Comp. Laws 1929, § 6737 *et seq.* (Stat. Ann. § 14.531 *et seq.*).—REPORTER.

portion of defendants' answer was in reply to the tenth paragraph of plaintiff's petition filed with the common council wherein he had set forth: "That being a law-abiding citizen and being desirous of complying with the laws of this city and State" he applied for and took the examination to which reference has hereinbefore been made.

The report in the files of the health department was made by Major Roehl whose duties in that department included making investigations and reports to the department of alleged violations of the medical practice act. The above-quoted portion of defendants' answer to plaintiff's petition is an accurate statement of matters contained in Roehl's report filed in the Detroit department of health, and neither of defendants had any reason to question its verity.

In the foregoing we have not made note of plaintiff's claim that the recital in the above-quoted answer that the second prosecution against plaintiff "was nolle prossed, as the complaining witness could not be found," was not an accurate statement of the record made in the trial court wherein it was stated: "Verdict dismissed on motion of defense." We deem this slight variance immaterial and in no sense libelous. Further, undisputed testimony in this case discloses that on an adjourned date for hearing the criminal case the complaining witness could not be found.

The grounds urged in support of plaintiff's claim that he is entitled to a new trial are: (1) that the trial court erred in receiving certain evidence, (2) that the court abused its discretion incident to the cross-examination of plaintiff, (3) that the court erred in receiving certain oral testimony and written notations which plaintiff claims tended to conflict with records of the recorder's court of Detroit,

(4) that there was error because of certain preju-
dicial remarks made by the court and like remarks
by defendants' counsel, and (5) that the court erred
in its charge to the jury "in emphasizing the propo-
sition of six cents verdict." We have given con-
sideration to each of these claims but find them to
be without merit. In any event, in view of the fact
that decision on this appeal is controlled by our con-
clusion hereinafter expressed on another phase of
the record, discussion in detail of the foregoing al-
leged errors would serve no purpose.

The controlling question on this appeal is whether
the trial court was in error in entering judgment
notwithstanding the verdict. There is no dispute
concerning the facts or circumstances which gave
rise to the issuing or publication of the alleged li-
belous statements upon which plaintiff relies. The
record shows that the trial judge in granting de-
fendants' motion for judgment *non obstante vere-*
*dicto* based decision upon his conclusion that there
was no evidence tending to establish malice on the
part of defendants.

Our review of the record brings the conclusion
that, as asserted by defendants, under the circum-
stances of this case the alleged libelous communi-
cation to the common council of Detroit was abso-
lutely privileged. By filing his petition with the
common council plaintiff sought to override the con-
clusion of the health department that his failure to
pass the examination disclosed lack of qualifications
to practice as a masseur. The common council re-
ferred plaintiff's petition to the health department
for "a recommendation" which in effect requested
a reply by the department of health to plaintiff's
petition, and it was in this reply or answer that
the alleged libelous matter was contained. As here-
inbefore noted all the department attempted to do

in this respect was to submit to the common council the contents of the official file in the health department pertaining to plaintiff, and so stated as follows: "Replying to the tenth paragraph, this department submits *a report* of the violations of the medical practice act, et cetera." There is no question about this report being a part of such files. The report was not prepared by either of defendants, but instead by Major Roehl, who testified to the truth of the matters contained in the report. And the undisputed testimony discloses that defendant Eleanor McGarvah, who prepared the answer filed with the common council, intended to be fair and believed the contents of the file in the health department were true. As to Doctor Vaughan, who was not a witness, there was no testimony that he knew or had reason to suspect any inaccuracies in the report. The common council was within the scope of its official duties in requesting a response to plaintiff's petition by the department of health; and that department was also within the legitimate exercise of its official duties in making its report to the common council by way of an answer to plaintiff's petition. Notwithstanding plaintiff points out that in the answer filed by defendants it is asserted that the former complaints against plaintiff for violating the medical practice act had no bearing "on the conclusions reached regarding petitioner's qualifications to entitle him to a license," we are not in accord with his contention that the alleged libelous statements were not pertinent to the matter under official consideration. That was a question of law for the court. *Trebilcock* v. *Anderson,* 117 Mich. 39. Surely the matter of which plaintiff complains had to do with whether the common council should grant or deny the prayer of plaintiff's petition which was:

"That this Honorable Body reverse the order and action of the said board (of health), and order instead thereof, a license issued unto your petitioner herein."

Nor are we in accord with plaintiff's contention that it was incumbent upon defendants to investigate the court files in the two prosecutions of plaintiff for practicing in violation of the medical practice act before defendants were justified in reporting to the common council the relevant contents of the file in the health department.

Under the circumstances above noted it must be held that the alleged libelous matter was a part of the contents of a privileged communication, and being such, plaintiff is not entitled to recover.

"What is privileged in publications? The truth is privileged when published from good motives, and for justifiable ends. And that which is not true, but honestly believed to be true, and published in good faith, by one in the performance of a public or official duty, in certain cases, is also privileged. This is so in the case of communications made to a body or officer having power to redress a grievance complained of, or having cognizance of the subject matter of the communication, to some intent or purpose; and in cases where the communication is made confidentially, or upon request, where the party requiring the information has an interest in knowing the character of the person inquired after." *McAllister* v. *Detroit Free Press Co.,* 76 Mich. 338, 356 (15 Am. St. Rep. 318).

While not identical in their factual aspects, for decisions of this Court at least somewhat in the same field of law and holding communications of like character to be absolutely privileged, see *Hart* v. *Baxter,* 47 Mich. 198; *Trebilcock* v. *Anderson,*

*supra; Shinglemeyer* v. *Wright,* 124 Mich. 230 (50 L. R. A. 129); *Wells* v. *Toogood,* 165 Mich. 677; and *Bolton* v. *Walker,* 197 Mich. 699 (Ann. Cas. 1918 E, 1007). The headnotes of the last-cited case contain the following:

"Words spoken by the president of the poor commission of the city of Detroit, who is ex officio a member of the city board of estimates, with power to participate in the deliberations and proceedings of such board, but without right to vote upon measures brought before it, at a regular meeting of the board, and in relation to a matter of public interest, imputing that a member of the board was susceptible to improper influences, by bribery or otherwise, are absolutely privileged, since such board has a function in taxation demanding the exercise of semi-legislative discretion.   *   *   *

"If the privilege in uttering slanderous words is absolute the questions of good faith and absence of malice are immaterial.   *   *   *

"Where the occasion and attending circumstances are not in dispute the question of privilege in uttering slanderous words is for the court.

"Where a privilege in uttering slanderous words is found by the court to be absolute a verdict should be directed for the defendant."

Even if under the circumstances of the instant case the alleged libelous matter were to be considered as being published only under a qualified privilege, rather than an absolute privilege, still the judgment entered in the circuit court would have to be affirmed under *Raymond* v. *Croll,* 233 Mich. 268, 275, wherein we said:

"To overcome the presumption of good faith the circumstances must be such as to show that the defendant was actuated by a bad motive, which led him to take advantage of the occasion to injure the

plaintiff. The court should not permit dishonesty of purpose to be lightly inferred from acts which are just as consistent with good faith as with bad faith. If the circumstances relied on as showing malice are as consistent with its nonexistence as with its existence, the plaintiff has not overcome the presumption of good faith, and there is nothing for the jury.''

Both before and at the close of proofs defendants moved for a directed verdict, but decision was reserved. There is no merit to plaintiff's contention that defendants by asking a stay of proceedings after verdict waived the right to be heard on their motion for judgment *non obstante veredicto.* Nor was that right barred by reason of a judgment having been entered on the verdict. The circuit judge in setting aside the judgment did so on the ground that it ''was inadvertently and prematurely entered.'' In this there was no error. *Sheltrown* v. *Railroad Co.,* 245 Mich. 58, and *Strausser* v. *Sovereign Camp of the Woodmen of the World,* 283 Mich. 370.

The judgment entered in the circuit court is affirmed. Costs to appellees.

STARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.