BRUNN v. WEISS

1. LIBEL AND SLANDER—SCHOOLS AND SCHOOL DISTRICTS—SUMMARY
   JUDGMENT—ISSUE OF FACT.

   Summary judgment was improperly granted to defendants in an
   action for libeling plaintiffs in a school board newsletter
   where the record shows that issues of fact existed whether
   the defendant school board's remarks were libelous in the
   setting in which they were made and whether the remarks
   applied to the plaintiff teachers as a group and not indi-
   vidually.

2. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BOARDS—LIBEL AND
   SLANDER—ABSOLUTE PRIVILEGE—OFFICIAL DUTIES.

   School board members have an absolute privilege when they
   publish allegedly defamatory statements in the course of
   carrying out their official duties and the making of the state-
   ments that contain the questioned material was an essential
   function of their official position.

3. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BOARD—LIBEL AND
   SLANDER—PRIVILEGES—NEWSLETTER—CONDITIONAL PRIVILEGE.

   School board members may have a conditional privilege, but do
   not have an absolute privilege, for making allegedly defama-
   tory remarks in a school board newsletter dealing with
   school affairs, because the publishing of a newsletter is not
   an essential function of school board members.

4. LIBEL AND SLANDER—SUMMARY JUDGMENT—ISSUE OF MALICE.

   Summary judgment was improperly granted to defendant school
   board members in an action by schoolteachers for being li-
   beled in a school board newsletter where the plaintiff teachers
   alleged that the questioned statements were made with
   knowledge of their falsehood and with the intent to injure
   the plaintiffs.

---

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 50 Am Jur 2d, Libel and Slander § 226.

Appeal from Wayne, James L. Ryan, J.  Submitted Division 1 February 10, 1971, at Detroit.  (Docket No. 7435.)  Decided April 20, 1971.

Complaint by David Brunn, John Szewc, Richard Nigosian, Richard Light, Robert Leszcznski, and James Walsh against Frank Weiss, Adele Rahn, Raymond Davies, Kenneth Naysmith, Melvin N. Chapman, William F. Clark, John Bogdan, Howard E. Parr, and James H. Laidler for libel.  Summary judgment for defendants.  Plaintiffs appeal.  Reversed and remanded.

*Craig, Fieger & Golden,* for plaintiffs.

*Tinkham, Snyder & MacDonald,* for defendants.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

DANHOF, P. J.  This is a libel action brought by plaintiff teachers against defendant school board members.  The school board publishes a newsletter dealing with school affairs and the plaintiffs contend that they were libeled in this publication.  The defendants moved for a summary judgment on the grounds of failure to state a cause of action under GCR 1963, 117.2(1) and the trial court granted the motion, stating only "that the court is of the opinion that based upon the pleadings as filed herein, no cause of action is stated".

For the reasons herein stated we reverse.  In a motion for summary judgment it is axiomatic that all well-pleaded material allegations contained in the complaint are to be taken as true.  Applying this to the instant case we must reverse because on the basis of the record before us there exist possible

issues of fact. We note that on a more complete record, summary judgment under GCR 1963, 117.2 (3) might well be appropriate.

The defendants argue that viewed in the setting in which they were made the remarks were not libelous. The difficulty with this argument is that the record before us does not show what the setting was. In this regard we note that the newsletter in which the statements were made has not been made a part of the record.

The defendants also argue that the remarks applied to a group in general, and therefore, the plaintiffs have not been individually libeled. *Chapman* v. *Romney* (1967), 6 Mich App 36. The plaintiffs contend that they were individually defamed. Again, we are confronted by the problem that we do not have an adequate record. This question might well be resolved by the production of the newsletter or by affidavit, but on the record before us there is a question of fact.

The defendants' final contention is that the summary judgment should be affirmed because they have an absolute privilege.[1] We disagree. Under some circumstances a local government official may be held to have an absolute privilege. However, a review of the authorities convinces us that there is no absolute privilege in this case.

In *Wachsmuth* v. *Merchants National Bank* (1893), 96 Mich 426, it was stated that a resolution offered in the line of duty by a city council member was absolutely privileged. In *Trebilcock* v. *Anderson* (1898), 117 Mich 39, a mayor's veto message was held absolutely privileged. In *Madill* v. *Currie*

---

[1] It would appear that this was the basis of the trial judge's decision although we cannot be sure.

(1912), 168 Mich 546, the defendant was a chairman of a committee appointed by the board of supervisors to audit the accounts of the county treasurer. The defendant released the results of the audit and the court held that he had a qualified privilege stating that if the result had been released as the official report of the committee there would have been an absolute privilege. In *Bolton* v. *Walker* (1917), 197 Mich 699, a statement by a member of the Detroit Poor Commission during the course of proceedings before that commission was held absolutely privileged. In *Powers* v. *Vaughan* (1945), 312 Mich 297, the defendants were officials of the Detroit Department of Health. The plaintiffs had petitioned the city council for a license to operate as a masseur. The council referred this petition to the Department of Health and the department's report was found to be absolutely privileged.

Under the foregoing authorities we must conclude that under some circumstances the members of the school board would have an absolute privilege. However, we also conclude that in this case the privilege is conditional. In the cases finding an absolute privilege the allegedly defamatory statements were made in the course of carrying out an official duty. The making of the statements that contained the allegedly defamatory remarks was an essential function of the official position held by the defendants. The publishing of a newsletter is not in the same category. The publication of a newsletter may be closely enough related to the official duties of the board members to give them a conditional privilege, but there is no absolute privilege.

The plaintiffs have alleged that the statements were made with knowledge that they were false and with the intent to injure them. This raises a fact question regarding the existence of malice and,

therefore, summary judgment was inappropriate on this ground.

Reversed and remanded for further proceedings consistent with this opinion.

All concurred.