## GIDDAY v WAKEFIELD

Docket No. 78-223. Submitted February 13, 1979, at Lansing.—Decided June 19, 1979. Leave to appeal applied for.

Elwyn G. Gidday, Jr., brought an action against Shirley Wakefield, individually, and as Clerk of Highland Township, for damages for slander, alleging that the defendant had slandered the plaintiff at a meeting of the Highland Township Board of Trustees. Summary judgment was entered for the defendant by the Oakland Circuit Court, Frederick C. Ziem, J., based on the plaintiff's failure to state a claim upon which the court could grant relief as the court found the defendant to be protected by an absolute privilege for the statements in question. The plaintiff appeals. *Held:*

In Michigan the doctrine of absolute privilege from liability for libel and slander extends to the proceedings of subordinate legislative and quasi-legislative bodies. The duly convened meeting of the township board, at which the statements at issue were spoken, qualifies as a forum for the doctrine of absolute privilege. The remarks by the defendant were made in the performance of an official duty and they were spoken at a regularly scheduled meeting of the township board. The statements were privileged. The grant of summary judgment was proper.

Affirmed.

1. JUDGMENT — SUMMARY JUDGMENT — APPEAL AND ERROR — FAILURE TO STATE CLAIM — WELL-PLEADED FACTS — COURT RULES.

The Court of Appeals, when reviewing a ruling on a motion for summary judgment based on the plaintiff's failure to state a claim upon which relief can be granted, accepts as true all well pleaded facts in the plaintiff's complaint; the court then determines whether the claims are so clearly unenforceable as a matter of law that a right to recovery cannot be predicated upon any factual development (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 104

73 Am Jur 2d, Summary Judgment §§ 15, 35.

[2-4] 50 Am Jur 2d, Libel and Slander §§ 192-194.

2. LIBEL AND SLANDER — PRIVILEGE — ABSOLUTE PRIVILEGE — LEGIS-
       LATIVE BODIES.
   An absolute privilege from liability for libel and slander extends,
       in Michigan, to the proceedings of subordinate legislative and
       quasi-legislative bodies.

3. LIBEL AND SLANDER — TOWNSHIPS — TOWNSHIP BOARDS — ABSO-
       LUTE PRIVILEGE.
   A duly convened meeting of a township board may serve as a
       forum to which the doctrine of absolute privilege from libel and
       slander applies.

4. LIBEL AND SLANDER — PRIVILEGE — ABSOLUTE PRIVILEGE — LEGIS-
       LATIVE BODY — PUBLIC OFFICIALS — OFFICIAL DUTY.
   The fact that a public official is a member of a legislative body
       and is in attendance at a duly convened proceeding of such
       body does not afford him an invitation to undertake an unre-
       stricted slanderous campaign against whomever he pleases,
       concerning whatever he pleases, with an absolute privilege
       from liability for defamation; in addition to being spoken
       during a legislative session or a quasi-legislative session, the
       statements at issue must be made by the public official while in
       the process of carrying out an official duty in order to be
       absolutely privileged.

*Stephen P. Ferris,* for plaintiff.

*Moore, Sills, Poling, Wooster, Sinn & Taylor, P.C.,* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and MacKENZIE, JJ.

MacKENZIE, J. The plaintiff appeals as of right from a December 28, 1977 order of the Oakland County Circuit Court granting the defendant's motion for summary judgment against the plaintiff. Plaintiff had filed a complaint against defendant on July 8, 1976, alleging that the defendant slandered the plaintiff at a meeting of the Highland Township Board of Trustees on July 9, 1975.

At the meeting, the plaintiff's wife, Sharyn Gidday, the township treasurer, requested a key to an

area of the township offices where the defendant's office was located. The defendant, the township clerk, resisted the request, contending that an unauthorized person had been seen in her office and had gone through her files. The defendant then requested that a security partition be constructed in order to protect her records. The plaintiff's wife inquired whether the defendant wished to protect the records from her. The defendant responded that she wanted to keep the records safe "from your husband, Mrs. Gidday!" The defendant then reiterated that her files had been "rifled" and that a person saw "this man" in her office.

In his complaint, the plaintiff alleged that the defendant's statements were not spoken in furtherance of any legislative debate, judicial proceeding, executive or statutory duty or military affair, and thus were spoken without benefit of privilege or immunity.

The plaintiff's complaint had additional counts alleging that the remarks invaded the plaintiff's privacy and intentionally inflicted mental distress on the plaintiff. He sought a total of $2,500,000 in damages, $1,000,000 of this figure representing the damages resulting from the alleged defamation.

Trial was twice adjourned by agreement of the parties. On October 13, 1977, defendant filed a motion for summary judgment under GCR 1963, 117.2(1), alleging that the plaintiff had failed to state a cause of action upon which the court could grant relief. On December 5, 1977, the motion was granted by the trial judge, who held that the statements were protected under the doctrine of absolute privilege.

When reviewing a ruling on a motion for summary judgment, we accept as true all well pleaded

facts in the plaintiff's complaint. We then determine whether the claims are so clearly unenforceable as a matter of law that a right to recovery cannot be predicated upon any factual development. *Gartside v Young Men's Christian Association,* 87 Mich App 335, 337-338; 274 NW2d 58 (1978).

In *Tocco v Piersante,* 69 Mich App 616, 629; 245 NW2d 356 (1976), this Court discussed the doctrine of absolute privilege in defamation cases:

> "A communication absolutely privileged is not actionable, even though false and maliciously published, whereas proof of actual malice will overcome a qualified privilege. *Trimble v Morrish,* 152 Mich 624, 627; 116 NW 451 (1908), *Lawrence v Fox,* [357 Mich 134; 97 NW2d 719 (1959)], *Timmis v Bennett,* 352 Mich 355; 89 NW2d 748 (1958), Prosser, Torts (4th ed), § 114, pp 776-777.
>
> "Michigan has recognized an absolute privilege for communications made by judges during the course of judicial hearings. *Ginger v Wayne Circuit Judge,* 369 Mich 680; 120 NW2d 842 (1963), *Mundy v McDonald,* 216 Mich 444; 185 NW 877 (1921). This privilege is well known and universally recognized, albeit sometimes with minor modifications not relevant here.
>
> "An absolute privilege is also generally recognized for statements made in the course of legislative proceedings. Prosser, Torts (4th ed), § 114, pp 781-782. This privilege has also been adopted in Michigan. *Bolton v Walker,* 197 Mich 699; 164 NW 420 (1917), *Trebilcock v Anderson,* 117 Mich 39; 75 NW 129 (1898), *Wachsmuth v The Merchants' National Bank,* 96 Mich 426; 56 NW 9 (1893)."

In Michigan, the absolute privilege extends to proceedings of subordinate legislative and quasi-legislative bodies. In *Wachsmuth v The Merchants' National Bank,* 96 Mich 426; 56 NW 9 (1893), it was held that a resolution offered by a city council

member to the council, relating to a matter within the member's duty, was absolutely privileged. In *Trebilcock v Anderson,* 117 Mich 39; 75 NW 129 (1898), a mayor's communication to a city council concerning a veto was deemed absolutely privileged. In *Bolton v Walker,* 197 Mich 699; 164 NW 420 (1917), words spoken by an *ex officio* member of the Board of Estimates of the City of Detroit during a discussion of a matter of public concern at a regular meeting of the board were held absolutely privileged. In *Powers v Vaughan,* 312 Mich 297; 20 NW2d 196 (1945), a report issued by the Detroit Department of Health was deemed absolutely privileged.

In the instant case, the defendant was a member of the Board of Trustees of Highland Township. The aforementioned Supreme Court decisions establish that proceedings of local legislative and quasi-legislative bodies are cloaked by an absolute privilege. We thus conclude that the duly convened meeting of the township board may serve as a forum for application of the absolute privilege doctrine.

The finding that the proceeding lends itself to application of the doctrine of absolute privilege does not, however, end our inquiry. The fact that a public official is a member of a legislative body and is in attendance at a duly convened proceeding of such body does not afford him an invitation to undertake an unrestricted slanderous campaign against whomever he pleases, concerning whatever he pleases. In addition to being spoken during a legislative or quasi-legislative session, the statements at issue must be made by the public official while in the process of carrying out an official duty. See *Wachsmuth v Merchants' National Bank, supra, Brunn v Weiss,* 32 Mich App 428; 188

NW2d 904 (1971), *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977).

Upon examining the circumstances of the instant case, we conclude that the statements of the defendant were made in the performance of an official duty. Her remarks were spoken during a regularly scheduled meeting of the Board of Trustees. At the meeting, the township treasurer requested a key to a certain area of the township offices. Upon explaining her reasons for opposing the request, the defendant expressed her desire that a security partition be constructed to protect her records. The treasurer inquired as to whether the clerk wished to keep her records safe from her. In responding to the treasurer's question, the defendant stated that she wanted to protect her records from the treasurer's husband, as her files had been gone through and a "particular" man had previously been seen in her office. The statements of the defendant were pertinent to the subject being considered by the board, it being undisputed that the subject was an appropriate matter for the board's consideration.

The facts of the instant case resemble the situation in *Bolton v Walker, supra,* where the Supreme Court held the communications at issue absolutely privileged. In that case, the plaintiff and the defendant were members of the City of Detroit's Board of Estimates. At a duly convened meeting where a matter of the board's concern was under discussion, the defendant imputed that the plaintiff was susceptible; to improper influences, such as bribery. The Court held:

"[The absolute privilege] doctrine is discussed and finds support in *Wachsmuth v National Bank,* 96 Mich 426 (56 NW 9, 21 LRA 278); *Trebilcock v Anderson,* 117 Mich 39, (75 NW 129), and *Madill v Currie,* 168 Mich

561 (134 NW 1004). In the instant case the alleged defamatory words were spoken in debate, by a public officer, in discussing a matter of public concern, in which both he and plaintiff were officially interested and had a duty to perform, and on an occasion when it was properly up for consideration by a legally constituted public body, of which both were members, which had jurisdiction to dispose of the subject under debate and was then in session at a regularly convened meeting.

\* \* \*

"[W]e are well satisfied as a conclusion of law on the undisputed facts that the occasion presents a privilege absolute, and defendant's request for a directed verdict should have been granted." 197 Mich at 707-708.

Although the plaintiff's complaint alleged that the defendant's statements were outside the scope of a legislative debate and were spoken without benefit of privilege or immunity, we are not bound by these statements; they are conclusions of law rather than statements of facts.

Because the defendant's statements were pertinent to a discussion of a subject under proper consideration by the Highland Township Board of Trustees, we conclude that the lower court did not err in granting the motion for summary judgment.

Affirmed. Costs to defendant-appellee.