CURTIS *v.* GINGER.

1. CONTEMPT—PURGING—RECEIVERS—PAYMENT OF JUDGMENT.

Attorney, judgment defendant in action of assumpsit, who deliberately and knowingly refused to comply with court order requiring him to produce his records, assets, books, and accounts receivable to receiver who had been appointed, was properly found guilty of contempt notwithstanding order finding him guilty of contempt failed to provide he could purge himself of contempt by producing his assets, books, records, and accounts receivable or, in the alternative, by the payment of the balance due on the judgment, where various orders to show cause and all hearings as to why he should not be punished for contempt set forth such alternatives (CL 1948, § 634.6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Contempt § 24.
[2] 12 Am Jur, Contempt § 79.

2. COSTS—CONTEMPT.
> Neither party is allowed costs on appeal from order adjudging defendant attorney in contempt of court for failure to obey order to turn over records, assets, books, and accounts receivable to receiver, where such order of contempt, drafted by plaintiff's attorney, failed to provide defendant could purge himself of contempt (CL 1948, §,634.5).

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 6, 1960. (Docket No. 19, Calendar No. 48,124.) Decided June 6, 1960.

Action by John A. Curtis against Ginger Machine Products Corporation, a Michigan corporation, and George L. Ginger resulted in judgment for plaintiff, followed by appointment of receiver.

Defendant George L. Ginger was adjudged guilty of contempt of court for refusing to deliver assets and produce records. Affirmed.

*J. Willard Carpenter* (*W. Ralph Delaney*, of counsel), for plaintiff.

*George L. Ginger, in propria persona.*

KAVANAGH, J. Here we are asked to determine whether defendant-appellant George L. Ginger was properly adjudged guilty of contempt by a court order entered August 18, 1958, in the Wayne county circuit court. Defendant, in his brief, attempts to raise many other unnecessary and improper issues which are not related to this appeal; consequently, they will not be considered by us.

It is necessary to give a brief historical statement of the events both leading up to and following the court order of August 18, 1958.

On February 21, 1951, plaintiff brought an assumpsit action on a note jointly and severally

against defendant Ginger and the corporation of which he was the founder, principal stockholder, and officer. As a result of this action plaintiff recovered a joint and several judgment against the defendants, in the sum of $2,875 plus costs, on April 18, 1952. Defendants' motions to set aside the judgment and for a new trial were denied on May 16, 1952. Defendant Ginger appeared personally in the various hearings, and failed to appeal from the judgment or the denial of his motions. Subsequent garnishment actions have reduced the present balance on the judgment to approximately $800.

On October 9, 1952, a writ of execution was returned *nulla bona,* and on October 27, 1953, a petition for the appointment of a receiver under applicable statutory provisions* was filed. Then on November 16, 1953, an order signed by the lower court appointed one John M. Litch as receiver. A petition and order to show cause why defendant Ginger should not be cited for contempt for failure to turn over his books, records, accounts receivable, et cetera, was signed and filed on December 23, 1953. The petition, sworn to by the receiver, showed service of the order of November 16, 1953, upon defendant Ginger and his failure to comply with the order.

On January 27, 1954, the court entered an order directing performance by defendant Ginger in compliance with the order that he turn over his books, records, et cetera. The court further ordered the order to show cause be adjourned to a later date. On February 10, 1954, the hearing on the order to show cause regarding defendant Ginger's assets was concluded.

Approximately 2–1/2 years later, on October 12, 1956, the court again issued an order to show cause

---

* CL 1948, § 634.5 (Stat Ann § 27.2175).

why defendant Ginger should not be held in contempt for failure to comply with the previous court order. Then, on November 13, 1956, the court ordered defendant Ginger to deliver to plaintiff's attorney copies of income tax returns for various years and, upon failure to do so, defendant Ginger would be cited for contempt. On December 17, 1956, the court ordered defendant Ginger to show cause on January 4, 1957, why he should not be cited for contempt for failure to comply with the order of November 13, 1956.

Next, an order to show cause why defendant Ginger should not be cited for contempt for failure to produce his books and records was signed and filed on July 11, 1958. On August 4, 1958, an order for attachment against defendant Ginger for failure to comply with the order of July 11, 1958, was filed and defendant Ginger was ordered and adjudged guilty of contempt.

Then, on August 18, 1958, followed the contempt order entered by the court, which is the sole subject of this appeal. The pertinent part of the order reads as follows:

"It is ordered:

"That said George L. Ginger is guilty of the contempt alleged against him in refusing to surrender and deliver up unto John M. Litch, receiver, any and every asset and, as well, his books and records of account, and any writing pertaining to his property or assets, as heretofore demanded of said defendant by said receiver.

"That this court further finds, as a result of this hearing, that there is a balance due as of January 1, 1953, on the judgment heretofore entered in said cause as of April 18, 1952, in the total sum of $880.74.

"And it is further ordered that the said defendant may purge himself of the contempt found against him, by the payment of the aforesaid sum of $880.74

plus 5% interest per annum from January 1, 1953, provided the same is paid into this court, or to J. Willard Carpenter, the attorney for the within plaintiff, within 60 days from and after the date hereof.

"It is further ordered and directed that in the event said George L. Ginger shall fail to purge himself of said contempt, then he shall return to this court for commitment to the county jail for the county of Wayne, as in the discretion of this court shall be deemed necessary, until he shall purge himself of said contempt.

"And it is further ordered that upon failure of said defendant to purge himself as aforesaid, or to return to this court for commitment as aforesaid, that an attachment shall forthwith issue against the person of the said George L. Ginger, defendant."

Defendant's motion to strike the show cause order and/or quash the writ of attachment was denied on October 7, 1958. No appeal from this order was taken.

On January 22, 1959, an order for attachment against defendant for failure to comply with the order of August 18, 1958, was signed and filed. By this order defendant was to be committed in jail until he should comply with the court order by delivering up his assets and books and records of account, or by otherwise purging himself. This order of commitment was never put into execution because of the order filed January 23, 1959, by this Court staying proceedings in the lower court and granting defendant's application for leave to appeal. Various other motions for extensions of time, et cetera, have further delayed our determination in this matter.

The sole question before the Court is the contempt issue. There can be no question that defendant George L. Ginger was guilty of contempt. The record shows that Mr. Ginger, a member of the bar,

has deliberately and knowingly refused to comply with the order of the court requiring him to produce his records, assets, books, and accounts receivable to the receiver. It is regrettable that the careless drafting of the order finding him in contempt did not provide that defendant Ginger could purge himself of contempt by producing his assets, books, records, and accounts receivable or, in the alternative, by the payment of the balance due on the judgment. However, all of the proceedings indicated that the various orders to show cause and all hearings as to why he should not be punished for contempt of court set forth such alternatives. Substantial compliance with the statutory language is found in the orders. Mr. Ginger, as a lawyer, well knew that he could purge himself of contempt by producing the assets, books, records, and accounts receivable. Defendant must comply with the order of the lower court to produce assets, books, records, and accounts receivable, or the payment of the balance owing on the judgment.

The matter is returned to the lower court for further proceedings. In the event defendant George L. Ginger does not purge himself within 5 days from the filing of the remittitur with the court below, further proceedings may be instituted.

Since the wording of the order was responsible for the appeal to this Court, and such responsibility rests in large part upon the attorney for the plaintiff and appellee, neither party shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.