**In the Matter of the Disbarment Proceedings of George L. GINGER, Respondent-Appellant.**

**No. 17104.**

United States Court of Appeals
Sixth Circuit.

Feb. 8, 1967.

See also 6 Cir., 372 F.2d 621.

George L. Ginger, Detroit, Mich., in pro. per.

Milton J. Trumbauer, Jr., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., on the brief), for intervenor.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order striking the name of the appellant from the rolls of attorneys admitted to practice at the bar of the United States District Court for the Eastern District of Michigan. Appellant seeks a reversal of the order of disbarment.

Appellant was admitted to practice before the State courts of Michigan June 6, 1941. In 1963 the State Bar of Michigan instituted grievance proceedings against him. Hearings were conducted by a Grievance Committee of the State Bar, beginning September 18, 1963, and continuing on October 29, 1963. Under date of April 15, 1964, the committee made a report to the effect that appellant had violated Section 1 of the Canons of Professional Ethics and Sections 1 and 2 of Rule 14, Standards of Conduct of the State Bar of Michigan. Citing the cases of Curtis v. Ginger, 359 Mich. 609, 103 N.W.2d 449, Ginger v. Wayne Circuit Judge, 366 Mich. 675, 116 N.W.2d 216, cert. denied, 372 U.S. 923, 83 S.Ct. 739, 9 L.Ed.2d 728, and Ginger v. Wayne Circuit Judge, 369 Mich. 680, 120 N.W.2d 842, cert. denied, 375 U.S. 856, 84 S.Ct. 116, 11 L.Ed.2d 82, rehearing denied, 375 U.S. 982, 84 S.Ct. 492, 11 L.Ed.2d 429, the committee found that "the acts, conduct, words, and attitude of George L. Ginger, * * * were prejudicial to the proper administration of justice and tended to expose the legal profession and the Courts to obloquy, contempt, censure, and reproach and were contrary to justice and the ethics of the profession." The Grievance Committee recommended that appellant be permanently disbarred, that his license to practice be revoked and that his name be stricken from the official register of attorneys.

The State Circuit Court for the County of Wayne thereupon entered a show cause order pursuant to Section 15 of Rule 15 of the Rules of the Supreme Court of Michigan. Under date of May 29, 1964,

three State Circuit Judges entered an Order of Discipline approving, confirming and adopting the certified report of the Grievance Committee and ordering that appellant be permanently disbarred, that his license to practice law be revoked and cancelled, and that his name be stricken forthwith from the official register of attorneys and counsellors of the State of Michigan.

The Supreme Court of Michigan denied appellant's application for leave to appeal and his application for rehearing. The Supreme Court of the United States denied certiorari. 380 U.S. 986, 85 S.Ct. 1356, 14 L.Ed.2d 278.

On July 16, 1965, the Chief Judge of the District Court for the Eastern District of Michigan entered an order in accordance with the rules of that court directing that appellant show cause why his name should not be stricken from the rolls of attorneys permitted to practice at the bar of that court. The proceeding was assigned to District Judge Stephen J. Roth for hearing and determination.

Judge Roth conducted a hearing, examined the State court record, and made the following finding:

"From consideration of the state court record, we hold that the state court disbarment proceedings were consistent with due process; we hold further that the evidence presented at the grievance hearing and the state court hearing was sufficient to justify the state disbarment order; we hold further that we find no grave reason why, in the interest of right and justice, this Court should not accept the judgment reached in the State of Michigan disbarment proceedings; * * *."

Judge Roth thereupon entered an order striking the name of appellant from the rolls of attorneys permitted to practice at the bar of the district court.

This court has heard the case on briefs and oral arguments and has examined the entire transcript of the hearing before the State Bar Grievance Committee, together with the various exhibits in the State court record. The record shows that appellant attended and participated actively in the various hearings, and was afforded an opportunity to present evidence, to testify, to cross-examine witnesses, and to present argument. Appellant briefed his own case in this court and presented a lengthy oral argument on his own behalf.

It is our opinion that the district court properly applied the standards announced by the Supreme Court in Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342, and Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585, and that the decision of the district court is consistent with In re Ruffalo, 370 F.2d 447 (C.A.6) and In re Crow, 283 F.2d 685 (C.A.6).

The judgment of the district court is affirmed.