George L. GINGER, a Member of the State Bar of Michigan, Plaintiff-Appellant,

v.

CIRCUIT COURT FOR the COUNTY OF WAYNE, State Bar of Michigan, John A. Curtis, J. Willard Carpenter, Miles N. Culehan (now deceased), George E. Bowles, State Bar Grievance Committee No. 1, Thomas J. Murphy, Joseph A. Sullivan, Joseph A. Moynihan, Jr., Jointly and Individually as to each of them, Defendants-Appellees.

No. 17114.

United States Court of Appeals
Sixth Circuit.

Feb. 8, 1967.

George L. Ginger, Detroit, Mich., in pro. per.

J. Cameron Hall, Detroit, Mich., for State Bar Grievance Committee # 1.

George H. Cross, Detroit, Mich., for defendants-appellees.

Before PHILLIPS and CELE-BREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is a companion case to In the Matter of the Disbarment Proceedings of Ginger, 6 Cir., 372 F.2d 620, in which the court today affirmed the judgment of the district court striking the name of Mr. Ginger from the rolls of attorneys permitted to practice at the bar of that court. The background facts are set forth in some detail in the per curiam opinion of this court in that case.

Appellant filed the present action against the State Circuit Court, the judges thereof, and members of the Grievance Committee of the State Bar of Michigan, who participated in the proceedings that resulted in his disbarment from practice in the State courts. This action is brought under 42 U.S.C. §§ 1981, 1983 and 1985 and seeks recovery of $500,000 in compensatory damages and $350,000 as damages to the reputation of appellant in the community and as a member of the legal profession.

Appellant has appealed from the order of the district court granting motions to dismiss the action. The grounds for the dismissal of the action are set forth in the well-reasoned opinion of District Judge Stephen J. Roth, which is made an appendix hereto.

For the reasons set forth in the opinion of Judge Roth, the judgment of the district court is affirmed.

## APPENDIX

This action was begun by the plaintiff on May 10, 1965, against

"THE CIRCUIT COURT FOR THE COUNTY OF WAYNE; STATE BAR OF MICHIGAN, ET AL.,* Jointly and Individually as to each of them, Defendants.

\* \* \* \* \* \*

* John A. Curtis, J. Willard Carpenter, (Miles N. Culehan, now deceased), George E. Bowles, State Bar Grievance Committee No. 1., Thomas J. Murphy, Joseph A. Sullivan, Joseph A. Moynihan, Jr."

It is alleged to be

"in tort * * * under Federal statutes providing civil remedies found in Title 42 U.S.C. §§ 1981, 1983, 1985, sub-section (2) and (3) commonly referred to as Federal Civil Conspiracy statute * * *."

In his complaint plaintiff alleges that

"the statutory provisions involved are: M.S.A. 27.78–9; C.L.1948 § 601.58 and 601.59; State Bar Rule 14 § 2; Canon 1 of Professional Ethics; plaintiff asserts that also involved are Judicial Canons #5, 10, 15, 17 of the American Bar Association; Michigan

Constitution (1908) Art. 7 § 4; 1963 M.G.C.R. 930 better known as Superintendence of the Judiciary of Michigan, see [38 M.S.B.J. 12, (May 1959)], also Michigan Constitution (1908) Art. II Liberty of Speech § 4; Imprisonment for debt, § 20; Federal Claims under United States Constitution Art. I & XIV."

Removing the wrappings from the eleven-page complaint and six pages of supplementals to the complaint, it appears that plaintiff complains that he was wrongfully barred from practicing law; that the grounds for such disbarment were certain decisions of the Supreme Court of the State of Michigan to be found in the reported cases of Curtis v. Ginger Machine Products Corporation, 359 Mich. 609, 103 N.W.2d 449; Ginger v. Wayne Circuit Judge, 366 Mich. 675, 116 N.W.2d 216; and Ginger v. Wayne Circuit Judge, 369 Mich. 680, 120 N.W.2d 842, and that said cases afforded no proper and adequate grounds for the order of disbarment. The complaint goes on to charge the following:

"20. That the procedings had before the defendant trial court as initiated by the defendant bar association, were the result of the concerted action of said defendants as will be shown by the record of this cause.

"21. The proceedings herein complained of are the direct result of defendants' wrongful, wanton, illegal concerted action plan and sole purpose being to maliciously vex, harass and publicly embarrass and ruin the reputation of plaintiff by making open charges that he is no longer permitted to practice law in this State and to represent his clients in litigation pending in the State and Federal Courts; that the resulting misuse of power by defendants, plaintiff was deprived under 'Color of State Law' of rights guaranteed by due process of law of the U.S.C.A. Constitution, Amendment 14 within the meaning of §§ 1981–1988 of Title 42."

And in conclusion the plaintiff asks for relief in the form of damages in the

sum of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and Three Hundred Fifty Thousand Dollars ($350,000.00) as damages to his reputation in the community and member of the legal profession.

The Order of Discipline (disbarment) was entered on May 29, 1964, by Circuit Judges Edward T. Kane, Robert W. McIntyre and Timothy C. Quinn, in the case of "In the Matter of George L. Ginger, Wayne County Circuit Court, Miscellaneous No. 92090." Following the entry of this order, the Supreme Court of the State of Michigan, in Case No. 50853, entered an order denying Mr. Ginger's Application for Leave to Appeal on September 29, 1964, and denied his application for Rehearing on Application for Leave to Appeal on December 1, 1964. The United States Supreme Court denied Mr. Ginger's Application for a Writ of Certiorari on April 26, 1965 (No. 944).

The defendants, with the exception of the decedent Miles N. Culehan, late Circuit Judge of the Wayne County Circuit Court, Michigan, filed motions to dismiss questioning the jurisdiction of this Court to entertain the complaint and alleging that it fails to state a cause of action.

A hearing was had upon plaintiff's application for a temporary restraining order (presumably to restrain the state courts from acting in pursuance of the order of disbarment), and defendants' motions to dismiss. Following the hearing, opportunities for filing briefs was accorded the parties; and they have submitted briefs.

In considering the merits of the motions to dismiss (the Court having, at the hearing, denied plaintiff's request for temporary injunctive relief), it appears to the Court that two issues are presented:

1. Does this Court have jurisdiction to review the state disbarment?

2. Does the plaintiff have a federally-secured right to be exempted from the State Order of Discipline, barring him from the practice of law in the courts of the state?

As to the first issue, the Court is equally at a loss with the plaintiff in locating any authority for the proposition that a United States District Court has any authority to review and set aside a disciplinary order of a state court barring an attorney from practicing law in the courts of said state. The United States Supreme Court has made it clear that so far as the states are concerned, they have "autonomous control over the conduct of their officers, among whom, * * *, lawyers are included." See Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342. And see also Emmons v. Smitt, 58 F.Supp. 869 (a decision of this Court):

"* * * the Supreme Court of the State of Michigan by its inherent right has decreed the method by which a lawyer who is faced with disbarment or discipline can have his rights determined. The right to control and regulate the granting of a license to practice law in the State of Michigan belongs to the State and in Michigan is governed entirely by the Supreme Court. * * *."

It requires no citation of authority to concede that this Court is without any appellate powers so far as the decisions of the Supreme Court of the State of Michigan and the Supreme Court of the United States are concerned. Mr. Ginger makes a point of emphasizing that neither of the supreme courts mentioned did, in fact, review the action of the three-judge state court which handed down the order of disbarment. What he has overlooked is that each had the power to review, had it seen fit to do so, and that this Court cannot be substituted in the stead of either as a review tribunal.

It is obvious from the complaint, as supplemented, that the relief sought is a review of the disbarment proceedings, the denial of the Application for Leave to Appeal by the Supreme Court of the State of Michigan, its denial of a petition for rehearing, and the denial of plaintiff's application for a Writ of Certiorari by the Supreme Court of the United

States, 380 U.S. 986, 85 S.Ct. 1356, 14 L.Ed.2d 278, culminating in a nullification of the disbarment order.

 The courts of the State of Michigan have exclusive jurisdiction over the admission of attorneys, the regulation of the practice of law, and the discipline and disbarment of attorneys, so far as the practice of law in the state courts is concerned. See Saier v. State Bar of Michigan, 6 Cir., 293 F.2d 756, certiorari denied 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343. The federal courts do not have jurisdiction to review an order of a state court disbarring an attorney in that state for misconduct. Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585. In re McNeil, 1 Cir., 266 F.2d 167, cert. denied 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103; In re Crow, D.C., 181 F.Supp. 718, affirmed 6 Cir., 283 F.2d 685; In re Noell, 8 Cir., 93 F. 2d 5; In re Bennethum, D.C., 196 F. Supp. 541.

In Theard v. United States, 354 U.S. 278, p. 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342, the Supreme Court of the United States said:

"It is not for this Court, except within the narrow limits for review open to this Court, as recently canvassed in Konigsberg v. State Bar of California, 353 U.S. 252 [77 S.Ct. 722, 1 L.Ed.2d 810,] and Schware v. Board of Bar Examiners, 353 U.S. 232, [77 S.Ct. 752, 1 L.Ed.2d 796,] to sit in judgment on Louisiana disbarments, and we are not in any event sitting in review of the Louisiana judgment. * * * The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among

whom, in the present context, lawyers are included."

 And the limits of review referred to are violations, in the course of disbarment proceedings, of the due process or equal protection clauses of the Fourteenth Amendment, and a petition for a Writ of Certiorari to the Supreme Court of the United States is the only method by which review may be had. A Federal District Court has no original jurisdiction of a proceeding disbarring an attorney from practice in state courts, though in the state court proceeding the attorney may raise questions based upon his rights under the Federal Constitution *for eventual review by the United States Supreme Court under its certiorari jurisdiction.* See In re McNeil, 1 Cir., 266 F.2d 167, cert. denied 361 U.S. 861, 80 S. Ct. 120, 4 L.Ed.2d 103. And in this case, plaintiff has traveled the appropriate avenue for relief; i. e., he has sought a Writ of Certiorari from the United States Supreme Court; and his application has been denied.

 With respect to the prayer for damages, it is clear that the defendants were acting within their statutory powers, and the proceedings were within their jurisdiction, wherefore, they are immune from liability for damages for any alleged violation of the Civil Rights Act.

 We conclude that this Court has no jurisdiction in the premises and that the motions to dismiss the complaint should be, and they are, granted. An appropriate order may be submitted.

STEPHEN J. ROTH
United States District Judge

DATED: September 17th, 1965.