802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BEN L. RIDINGS, Plaintiff-Appellant
v.
T. MACK BLACKBURN, ET AL., Defendants-Appellees.
 No. 86-5361.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1986.
 
 1
 BEFORE: JONES and NELSON, Circuit Judges; and CELEBREZZE, Senior Circuit Judge
 
 ORDER
 
 2
 Defendants-appellees Moncier, Alliman and Lee move to dismiss plaintiff's appeal from a district court order dismissing his civil rights action. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of defendants-appellees' motions and the plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In this civil rights action, plaintiff seeks damages against the Tennessee Valley Authority, the Board of Professional Responsibility of the Tennessee Supreme Court, a state trial court judge, and various private attorneys. The district court granted summary judgment for defendants.
 
 
 4
 The record shows that in 1982, plaintiff was discharged by his employer, the defendant Tennessee Valley Authority. Plaintiff filed an action in federal district court and was represented by defendant Boone Dougherty. Defendants Herbert Sanger, James Fox, Justin Schwann and Brent Marquand represented the Government in that action.
 
 
 5
 Upon entry of summary judgment for the Government, plaintiff filed a state legal malpractice action in the Knox County Circuit Court against Dougherty and his law partners: defendants Peter Alliman, Sharon Lee and Michael Flynn. Defendant Herbert Moncier represented Dougherty in that action. Defendant Paul Hogan represented Alliman, Lee and Flynn. On September 20, 1984, defendant T. Mack Blackburn, as Judge of the Knox County Circuit Court, dismissed plaintiff's action for failure to state a claim for relief.
 
 
 6
 Plaintiff then complained to the defendant Board of Professional Responsibility of the Tennessee Supreme Court about the actions of attorneys Hogan, Moncier, Lee, Alliman, Flynn and Dougherty. The Board declined to initiate an investigation. Defendant Lance Bracey is Chairman of the Board of Professional Responsibility. Defendants William Hunt and Joseph Mercer are Board members.
 
 
 7
 On November 4, 1985, plaintiff filed the present federal action, naming as defendants nearly every individual who supported or opposed him in his state, legal or administrative proceedings. He alleges facts which are, in essence, claims of legal malpractice and civil rights conspiracies by other attorneys to hide the legal malpractice.
 
 
 8
 Defendants filed motions to dismiss or for summary judgment, supported by affidavits denying any complicity or conspiracy among them as a group. On February 21, 1986, the district court issued an order granting summary judgment for defendants. The court found first that plaintiff's conspiracy claims were conclusory; secondly, that the action was filed beyond the one-year limitations period prescribed by Tennessee law; and thirdly, that Judge Blackburn as well as the Board of Professional Responsibility were immune from suit.
 
 
 9
 Plaintiff filed a timely notice of appeal to this Court.
 
 
 10
 Upon consideration, this Court affirms the district court's conclusions. The TVA and its attorneys are arguably protected by the doctrine of governmental non-liability. Cf. Queen v. Tennessee Valley Authority, 689 F.2d 80 (6th Cir. 1982), cert. denied, 460 U.S. 1082 (1983). Defendant Blackburn, a state court judge, is protected by the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349 (1978). Similarly, the State Board of Professional Responsibility and its members are immune. Ginger v. Circuit Court for the County of Wayne, 372 F.2d 621, 625 (6th Cir.), cert. denied, 387 U.S. 935 (1967).
 
 
 11
 Although the remaining defendants are private attorneys, they are nonetheless subject to suit because of their alleged conspiracy with the state defendants. Dennis v. Sparks, 449 U.S. 24, 28-29 (1980). However, it appears that plaintiff's claims against them are without merit. First, the allegations of conspiracy are conclusory and cannot withstand a motion for summary judgment. Dunn v. State of Tennessee, 697 F.2d 121, 124 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). Secondly, plaintiff's claims against defendants Dougherty, Alliman, Lee and Flynn, like his claims against TVA and its attorneys, were properly dismissed as untimely. Under Tennessee law, claims of civil rights violation must be brought within the one-year period of limitations provided by Section 28-3-104, Tennessee Code Annotated. Wright v. State of Tennessee, 628 F.2d 949, 951 (6th Cir. 1980). The actions complained of occurred in 1982, and plaintiff's federal action against the TVA and others was dismissed on September 20, 1983. Therefore, plaintiff's action, filed November 4, 1985, was untimely. Finally, plaintiff's claims against the remaining defendants fail because plaintiff is in essence attempting to relitigate his unsuccessful state court actions. Such matters are not the proper subject of an action under Section 1983. Johns v. Supreme Court of Ohio, 753 F.2d 524 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985); Tonti v. Petropoulous, 656 F.2d 212 (6th Cir. 1981).
 
 
 12
 Defendants-appellees' motions to dismiss are hereby denied because the motions are in the nature of motions to affirm and such motions are not permitted under the rules of this Court. Rule 8(a), Rules of the Sixth Circuit. However, because the issues presented in this appeal are so unsubstantial as not to need further argument, it is ORDERED that the final order of the district court be affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.