819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda A. HAMPTON and Rose O. Howard, Plaintiffs-Appellants,
v.
TENNESSEE BOARD OF LAW EXAMINERS, Jointly and Severally;
Katherine Darden, Wheeler Rosenbalm; Charles Burson;
Valerius Sanford; Lewis Hagood; Joseph Tipton; Michael
Whitaker; Rodney V. Ahles; Scott McGinness; Prince
Chambliss; Ellen Vergos, and Other Unknown Examiners;
Cecil C. Humphreys School of Law; Francis Sullivan; Daniel
Wanat; Robert Banks; and Nancy Barron, Defendants-Appellees.
 No. 86-6057.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1987.
 
 BEFORE: KEITH and NORRIS, Circuit Judges; and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the parties' briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiffs filed this civil action for declaratory, injunctive and monetary relief pursuant to 42 U.S.C. Sec. 1983 and 1985 alleging constitutional violations in regard to their applications for admission to the state bar of Tennessee. The district court granted defendants' motion to dismiss. This appeal followed.
 
 
 3
 Plaintiffs have not alleged that a particular law or rule is unconstitutional, but rather attack the manner in which the state rules were applied to their particular bar applications. For this their remedy, if any, must be through the Tennessee courts and then by direct appeal to the United States Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Doe v. Pringle, 550 F.2d 596, 597 (10th Cir. 1976), cert. denied, 431 U.S. 916 (1977); Ginger v. Circuit Court for County of Wayne, 372 F.2d 621 (6th Cir.), cert. denied, 387 U.S. 935 (1967). Plaintiffs cannot invoke the jurisdiction of the federal courts merely by couching their claim for relief in terms of 42 U.S.C. Sec. 1983 when they are actually seeking relief for their denial of admission to the bar.
 
 
 4
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.