NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NAREN CHAGANTI,**

*Plaintiff-Appellant*

**v.**

**JOSEPH MATAL, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,**

*Defendant-Appellee*

---

2016-2133

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:15-cv-01138-TSE-JFA, Judge T. S. Ellis, III.

---

Decided: June 12, 2017

---

NAREN CHAGANTI, Town & Country, MO, pro se.

DENNIS C. BARGHAAN, JR., Office of the United States Attorney for the Eastern District of Virginia, United States Department of Justice, Alexandria, VA, for defendant-appellee. Also represented by DANA J. BOENTE;

NATHAN K. KELLEY, SYDNEY O. JOHNSON, JR., Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

_____

Before PROST, *Chief Judge,* LOURIE and SCHALL, *Circuit Judges.*

PER CURIAM.

## DECISION

Naren Chaganti, an attorney, appeals the May 11, 2016 decision of the United States District Court for the Eastern District of Virginia in *Chaganti v. Lee* (*Chaganti II*), 187 F. Supp. 3d 682 (E.D. Va. 2016). In that decision, the district court affirmed the August 4, 2015 final order of the Director of the United States Patent and Trademark Office ("PTO") imposing reciprocal discipline on Mr. Chaganti following his indefinite suspension from the practice of law by the Missouri Supreme Court. *See* Final Order, *In re Naren Chaganti* (*Chaganti I*), No. D2015-10 (U.S.P.T.O. Aug. 4, 2015), located at J.A. 2000. We *affirm*.

## DISCUSSION

### I.

Prior to his suspension, Mr. Chaganti was licensed to practice law in the State of Missouri and before the PTO. On October 16, 2012, a complaint was filed against him with the Missouri State Bar's Office of Chief Disciplinary Counsel. The complaint alleged that Mr. Chaganti had engaged in conduct that violated Missouri Supreme Court Rules 4-4.2 (prohibiting communications with a represented party) and 4-8.4 (prohibiting conduct prejudicial to the administration of justice). *See* MO. SUP. CT. R. PROF. CONDUCT R. 4-4.2, 4-8.4(d). After investigating the matter, the Chief Disciplinary Counsel filed a two-count information in the Missouri Supreme Court, averring that

there was probable cause to believe that Mr. Chaganti had committed the violations alleged in the October 16 complaint. As a result of the filing of the information, the case was referred to a Disciplinary Committee for initial adjudication. While the matter was pending before the Disciplinary Committee, both the Missouri State Bar and Mr. Chaganti were entitled to engage in written discovery. Mr. Chaganti pursued this opportunity.

On January 24, 2014, a panel of the Disciplinary Committee ("Panel") held an evidentiary hearing. Mr. Chaganti testified at the hearing, as did the attorney who had filed the complaint against him. Also testifying was the individual whom Mr. Chaganti was accused of improperly contacting because, at the time of the contact, he was a represented party. Both of these individuals were subjected to cross-examination. On March 13, 2014, the Panel issued its decision. The Panel found that Mr. Chaganti had violated Missouri Supreme Court Rules 4-4.2 and 4-8.4. The Panel concluded that suspension from the practice of law was the appropriate sanction. It therefore suspended Mr. Chaganti indefinitely, with the ability to seek reinstatement to the bar within six months. *See* J.A. 903. Following Mr. Chaganti's appeal, on October 28, 2014, the Missouri Supreme Court issued a decision in which it concluded that Mr. Chaganti was "guilty of misconduct as a result of violations of Rules 4-4.2 and 4-8.4(d)." Order, *In re Naren Chaganti*, No. SC94181 (Mo. Oct. 28, 2014), located at J.A. 1029. The court agreed with the Panel's imposition of the sanction of indefinite suspension, but increased from six months to a year the time which Mr. Chaganti would have to wait before seeking reinstatement to the bar. *Id.*

Following the decision of the Missouri Supreme Court, Mr. Chaganti informed the PTO of his suspension. Under 35 U.S.C. § 2(b)(2)(D), the PTO is empowered to issue regulations governing "the recognition and conduct of agents, attorneys, or other persons representing appli-

cants or other parties before the Office." Pursuant to this statutory authority, the PTO has enacted its own Rules of Professional Conduct governing the conduct of all practitioners engaged in practice before the PTO. *See* 37 C.F.R. §§ 11.101–901. If a registered PTO attorney fails to comply with his or her professional obligations, the PTO has the authority to suspend or exclude the practitioner from further practice before the PTO. 35 U.S.C. § 32; 37 C.F.R. §§ 11.19–20.

Pursuant to its authority, the PTO has determined that it will impose reciprocal discipline against a practitioner who has been disciplined or disqualified by another jurisdiction, such as a state bar. 37 C.F.R. § 11.24. In that regard, after the PTO learns that a practitioner has been disciplined in another jurisdiction and the PTO's Office of Enrollment and Discipline files a complaint against the practitioner based on that discipline, the Director of the PTO ("Director") hears the matter "on the documentary record unless the . . . Director determines that an oral hearing is necessary." 37 C.F.R. § 11.24(d)(1). In a reciprocal matter, the Director is charged with imposing "the identical public censure, public reprimand, probation, disbarment, suspension or disciplinary disqualification unless the practitioner clearly and convincingly demonstrates and the . . . Director finds" that there is "a genuine issue of material fact" as to on one of the following factors derived from the Supreme Court's decision in *Selling v. Radford*, 243 U.S. 46, 50–51 (1917):

> (i) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

> (ii) There was such infirmity of proof establishing the conduct as to give rise to the clear conviction that the Office could not, consistently with its duty, accept as final the conclusion on that subject;

(iii) The imposition of the same public censure, public reprimand, probation, disbarment, suspension or disciplinary disqualification by the Office would result in grave injustice; or

(iv) Any argument that the practitioner was not publicly censured, publicly reprimanded, placed on probation, disbarred, suspended or disciplinarily disqualified.

37 C.F.R. § 11.24(d)(1).

On August 14, 2015, the Director issued a final order imposing reciprocal discipline on Mr. Chaganti identical to that which the Missouri Supreme Court had imposed. In so doing, the Director concluded that Mr. Chaganti had failed to carry his burden of "clearly and convincingly" demonstrating that there was "any genuine issue of material fact as to whether a 'grave injustice' under 37 C.F.R. § 11.24(d)(1)(iii) would result if reciprocal discipline were imposed." *Chaganti I*, J.A. 2017.

Pursuant to 35 U.S.C. § 32, Mr. Chaganti petitioned the United States District Court for the Eastern District of Virginia for review of the Director's final order. Eastern District Local Rule 83.5 provides, *inter alia*, that the administrative record is the "sole basis for review" of a PTO decision to exclude or suspend an attorney from practice before the PTO. On May 11, 2016, the district court issued an order affirming the Director's final order of reciprocal discipline. The court set forth it's reasoning in a memorandum opinion issued that same day. *Chaganti II*, 187 F. Supp. 3d at 694. Citing *Bender v. Dudas*, 490 F.3d 1361, 1365 (Fed. Cir. 2007), the court first explained that its review of final disciplinary orders of the PTO is governed by the deferential standards of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 7701, *et seq*. *Chaganti II*, 187 F. Supp. 3d at 690. Turning to the merits, the court ruled that the Director's decision to impose reciprocal discipline on Mr. Chaganti "was not

arbitrary and capricious or otherwise not in accordance
with law" because Mr. Chaganti "did not—and cannot—
establish by clear and convincing evidence that, on the
basis of the *Selling* factors, reciprocal discipline was not
warranted." *Chaganti II*, 187 F. Supp. 3d at 694. Mr.
Chaganti now appeals. We have jurisdiction pursuant to
28 U.S.C. § 1295(a)(1).

## II.

We review *de novo* the decision of a district court on a
petition brought pursuant to 35 U.S.C. § 32, "reapplying
the standard" applied by the district court. *Sheinbein v.
Dudas*, 465 F.3d 493, 495 (Fed. Cir. 2006). As seen, the
district court reviewed the PTO's action in this case under
the standard set forth in the APA. Under that standard,
the PTO's choice of sanction is held unlawful only if it is
"arbitrary, capricious, an abuse of discretion, or otherwise
not in accordance with law." 5 U.S.C. § 706; *see also
Bender*, 490 F.3d at 1365–66. Having reviewed the ad-
ministrative record, we see no error in the Director's
decision to impose reciprocal discipline on Mr. Chaganti.

## III.

## A.

Preliminarily, we note that Mr. Chaganti contends
that the PTO's disciplinary procedures deprive practition-
ers of Constitutional due process. Specifically, he argues
that he was deprived of due process because (1) the PTO's
procedures authorize the imposition of reciprocal disci-
pline even in those instances in which the original disci-
pline was imposed through a lower burden of proof than
the PTO generally requires in the disciplinary context, *see*
Appellant's Br. 28–33; (2) in contrast to an original disci-
plinary proceeding before the PTO, the burden of proof in
a reciprocal disciplinary proceeding is on the practitioner,
*id.* at 27–28; and (3) he was not afforded an oral hearing,
*id.* at 33. Mr. Chaganti, however, waived these argu-

ments because he failed to raise them before the PTO. Therefore, we do not consider them. *See In re DBC*, 545 F.3d 1373, 1378–79 (Fed. Cir. 2008).

## B.

Mr. Chaganti's main argument on appeal is that the PTO erred in its analysis of the *Selling* factors applicable to his case (the first three). The district court rejected this argument, as do we.

The first *Selling* factor, as incorporated into the PTO's regulations, asks whether "the procedure" in the Missouri Supreme Court that led to Mr. Chaganti's suspension "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." 37 C.F.R. § 11.24(d)(1)(i). "Due process requirements are met where [a practitioner] 'attended and participated actively in the various hearings, and was afforded an opportunity to present evidence, to testify, to cross-examine witnesses, and to present argument.'" *In re Squire*, 617 F.3d 461, 467 (6th Cir. 2010) (quoting *Ginger v. Circuit Court*, 372 F.2d 620, 621 (6th Cir. 1967)). These requirements plainly were met in this case. During his disciplinary proceedings, Mr. Chaganti engaged in discovery, testified at a hearing before a panel of the Disciplinary Committee, and was able to cross-examine the two individuals who testified against him. Moreover, we see no merit to Mr. Chaganti's argument that he was deprived of due process because the Panel quashed his subpoena for the file of the attorney who filed the complaint against him and sustained objections to certain questions at the evidentiary hearing on the grounds of attorney-client privilege. These rulings were well within the Panel's discretion.

The second *Selling* factor asks whether "[t]here was such infirmity of proof establishing the conduct as to give rise to the clear conviction that the [PTO] could not, consistently with its duty, accept as final the conclusion on that subject." 37 C.F.R. § 11.24(d)(1)(ii). Little need be

said on this point.  Suffice it to say that, having considered the record, we conclude, as did the district court, that there was more than enough evidence demonstrating that Mr. Chaganti violated the two Rules of Conduct at issue.

The third pertinent *Selling* factor inquires whether "[t]he imposition of the same . . . suspension by the [PTO] would result in grave injustice." 37 C.F.R. § 11.24(d)(1)(iii).  Relevant to this factor, as long as the discipline that the practitioner received "was within the appropriate range of sanctions" for the conduct in question, there is no grave injustice in imposing reciprocal discipline.  *In re Attorney Disciplinary Matter*, 98 F.3d 1082, 1088 (8th Cir. 1996).  As the district court recognized, Missouri employs the American Bar Association's Standards for Imposing Lawyer Sanctions to determine the appropriate discipline in a given set of circumstances. *Chaganti II*, 187 F. Supp. 3d at 692.  Where an attorney engages in an unauthorized communication with a represented party, those standards provide for suspension—the same penalty that Missouri imposed here.  The penalty of suspension in this case is further supported by the fact that Mr. Chaganti violated Missouri Supreme Court Rule 4-8.4 (prohibiting conduct prejudicial to the administration of justice) in his threatening conduct towards the represented individual.  Based upon the record before us, we have no difficulty concluding that the penalty of suspension here was more than appropriate.

Finally, we have considered Mr. Chaganti's remaining arguments and have found them to be without merit.

## CONCLUSION

For the foregoing reasons, the decision of the district court affirming the final order of the Director imposing reciprocal discipline on Mr. Chaganti is affirmed.

## AFFIRMED

COSTS

No costs.